# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHARLENE BURNS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | 2:14-cv-0047-AKK |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Charlene Burns ("Burns") brings this action pursuant to 42 U.S.C. §1383(c)(3) and 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge ("ALJ") applied the correct legal standard and that her decision—which has become the decision of the Commissioner—is supported by substantial evidence. Therefore, the court **AFFIRMS** the decision denying benefits.

## I. Procedural History

Burns filed her application for Title XVI Supplemental Security Income on April 19, 2010 (R. 159), alleging a disability onset date of March 17, 2010, *id.*, due to breast cancer in remission, migraines, scoliosis, a "bad disk," carpel tunnel

1

syndrome, and high blood pressure, (R. 180). After the SSA denied her application on August 25, 2010 (R. 89), Burns requested a hearing, (R. 98). At the time of the hearing on March 12, 2012, Burns was 49 years old, (R. 34, 37), had a sixth grade education, and past work experience as a housekeeper, a cafeteria worker, a line worker, and as a production worker. (R. 38, 69, 163, 181-182). Burns has not engaged in substantial gainful activity since her application date. (R. 13).

The ALJ denied Burns's claim on May 14, 2012, (R. 11–24), which became the final decision of the Commissioner when the Appeals Council refused to grant review on November 12, 2013, (R. 1-3). Burns then filed this action pursuant to 42 U.S.C. §1383(c)(3) and 42 U.S.C. § 405(g), on January 10, 2014. Doc. 1.

## II. Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must

review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i)(I)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

    (1)    whether the claimant is currently unemployed;

    (2)    whether the claimant has a severe impairment;

    (3)    whether the impairment meets or equals one listed by the Secretary;

    (4)    whether the claimant is unable to perform his or her past work; and

    (5)    whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

### IV. The ALJ's Decision

In performing the Five Step sequential analysis, the ALJ initially determined that Burns had not engaged in substantial gainful activity since her application date

and therefore met Step One. (R. 13). Next, the ALJ acknowledged that Burns' severe impairments of carcinoma of the breast in remission, chronic obstruction pulmonary disease ("COPD"), depression, degenerative disc disease, and migraine headaches met Step Two. (R. 13). The ALJ then proceeded to the next step and found that Burns did not satisfy Step Three since she "[did] not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* (internal citations omitted). Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, she proceeded to Step Four, where she determined that Burns

> has the residual functional capacity ["RFC"] to perform sedentary work as defined in 20 CFR 416.967(a) except the claimant can occasionally climb stairs, and ramps, but never ladders, ropes, or scaffolds. . . . can frequently balance, stoop and kneel; occasionally crouch; but never crawl. . . . can frequently reach, handle, finger, and feel with the upper extremities-bilaterally. . . . can frequently push/pull with the upper and lower extremities-bilaterally. The claimant can never work in environments with concentrated exposure to extreme heat, cold, humidity, wetness and/or pulmonary irritants. . . . with a noise intensity level greater than three or moderate as described in the *Selected Characteristics of Occupations*. The claimant can understand, remember, and carryout simple; but not detailed or complex instructions. . . . can perform work that needs little or no judgment and make simple work-related decisions. Any work place changes should be infrequent and introduced gradually. The claimant can interact frequently with the public on a casual basis, . . . with co-workers and supervisors. The claimant is able to sustain concentration and attention for two hours at one time with normal breaks throughout an eight–hour workday.

(R. 16). In light of Burns' RFC, the ALJ determined that Burns "[was] unable to perform any past relevant work." (R. 22). Accordingly, the ALJ turned to Step Five, considering Burns's age, education, work experience, RFC, and the testimony of a vocational expert ("VE"), and determined that "there are jobs that exist in significant numbers in the national economy that [Burns] can perform." (R. 23). Because the ALJ answered Step Five in the negative, she determined that Burns was not disabled. *Id*.

## V. Analysis

The court now turns to Burns' sole contention on appeal - i.e. that the ALJ misapplied the SSA's Medical Vocational Guidelines ("grids") and inappropriately categorized Burns as a "Younger Individual" between 45 and 49 years of age.[1] 20 C.F.R. Part 404, Subpart P, Appendix 2. For the reasons stated below, the court finds that the ALJ applied the correct legal standards and her opinion is supported by substantial evidence.

---

[1] Burns has not raised any other bases for this appeal and, therefore, has waived other grounds upon which she might challenge the ALJ's decision. *See Outlaw v. Barnhart*, 197 Fed. App'x 825, 828 n.3 (11th Cir. 2006) (claimant waived an issue because he did not elaborate on the claim or provide citation to authority regarding the claim); *N.L.R.B. v. McClain of Georgia*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.")

Burns argues that the ALJ committed reversible error because she erroneously applied the grids at Step Five. Specifically, Burns claims that because she was 49 ½ years old at the time of the ALJ's decision, the ALJ should have categorized her as "an individual approaching advanced age" (age 50-54) rather than a "Younger Individual" (age 45-49) for purposes of 20 CFR Part 404, Subpart P, Appendix 2, Table 1, thereby qualifying her as "disabled" pursuant to rule 201.10. *See* doc. 12 at 14. As a basis for her argument, Burns notes that, according to 20 CFR § 404.1563, the Commissioner will not apply the age categories "mechanically in a borderline situation." Burns also points out that the date that a claimant's age is to be determined, for purposes of the grids, is the date of the ALJ's decision rather than the date of the application or the date of the hearing. *See Crook v. Barnhart*, 244 F. Supp. 2d 1281, 1283 (N.D. Ala. 2003). In other words, the ALJ's use of Burns' chronological age of 49 ½ rather than 50, the age Burns was approaching at the time of the ALJ's decision, purportedly represented a mechanical application of the grids that resulted in Burns being deemed not-disabled.

Contrary to Burns' contention, the effect of Burns' age categorization is "essentially theoretical" because the ALJ did not base her final determination on the grids. *Miller v. Commissioner of Social Security*, 241 Fed. App'x 631, 635 (11th Cir. 2011). Rather, where, as here, a claimant is unable to perform the full

range of work at a particular functional level or has non-exertional impairments that significantly limit basic work skills[2], in addition to the grids, the ALJ must also consider testimony of a VE to establish job availability. *See, e.g. Walker v. Bowen*, 826 F.2d 996, 1002-03 (11th Cir. 1987). As the ALJ noted, because Burns' "ability to perform all or substantially all of the requirements of [the sedentary] level of work has been impeded by additional limitations," (R. 23), consistent with established legal precedent, she turned to a VE to determine whether jobs existed in the national economy for an individual with Burns' age, education, work experience, and RFC, *id*. The ALJ then noted the VE's opinion that Burns could work as an addressing clerk, button reclaimer, and dowel inspector and determined that, based on the VE's opinion and Burns' RFC, age, education, and work experience, she was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." *Id.* at 23-24. In other words, even if the ALJ improperly determined Burns' age category, because the opinion of a VE is substantial evidence supporting the ALJ's finding that Burns was not disabled, the ALJ's error, if any, was harmless and, therefore, insufficient to reverse or remand the case. *See Miller*, 241 Fed. App'x at 635 n.1. ("Even

---

[2] At Step Five, the ALJ noted that, "if the claimant had the residual functional capacity to perform the full range of sedentary work, a finding of 'not disabled' would be directed by the Medical-Vocational Rule 201.19. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations." (R. 23)

assuming without deciding that the ALJ's finding that [plaintiff] was a person closely approaching advanced age was erroneous, that error was harmless because substantial evidence (e.g., the VE's testimony and Miller's RFC) supported the finding that other jobs were available that miller could perform."). Accordingly, "[g]iven the VE's testimony that there existed three types of jobs in significant numbers in the national economy that a person with [Burns'] RFC could perform, substantial evidence supports the ALJ's conclusion that, because the Commissioner met its burden at step five, [Burns] did not demonstrate that [she] was disabled." *Id.* at 635.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Burns is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

**DONE** the 13th day of November, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE